IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
February 24, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
DEPUTY CLERK

| | |
|---|---|
| HEATHER KEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:25-cv-00475 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| TRACI A. KEEN, *et al.*, ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Heather Keen brought this lawsuit naming numerous defendants. By memorandum opinion and order entered August 14, 2025, the court dismissed Keen's amended complaint without prejudice for lack of subject-matter jurisdiction and denied without prejudice all other pending motions. (Dkt. Nos. 14, 15.) Thereafter Keen again filed numerous motions asking for reconsideration and various other aspects of relief, but she subsequently withdrew nearly all of those motions. (Dkt. Nos. 33 (motion), 36 (order granting the motion and terminating eleven motions).)

On the same date that she filed her motion to withdraw her pending motions, Keen also filed two additional motions. The first is a motion seeking recusal of the undersigned. (Dkt. No. 34.) The second is titled as a "motion for reconsideration" of the court's August 14, 2025 opinion and order and a "request to be heard." For the reasons set forth briefly herein, the court will deny both motions.

I. BACKGROUND

On July 16, 2025, Keen filed her pro se complaint and sought leave to proceed in forma pauperis (ifp). The court granted her ifp motion and screened her complaint as required by 28

U.S.C. § 1915(e).

Ultimately, the court concluded that it did not have jurisdiction over the case. First, the parties were not completely diverse because both Keen and at least one defendant (her brother) were both citizens of Virginia. Thus, the court could not exercise jurisdiction pursuant to 28 U.S.C. § 1332. The court then addressed whether Keen had adequately pled a federal claim, so as to trigger the court's federal-question jurisdiction under 28 U.S.C. § 1331. The court reviewed Keen's allegations and concluded that she had failed to plead a colorable claim for a civil violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), the only federal claim in her complaint. (*See generally* Dkt. No. 14.) After finding that the court did not have jurisdiction, the court dismissed the complaint without prejudice. (*Id.* at 12.) Alternatively, the court concluded that Keen's one federal claim failed to state a claim on which relief could be granted, and it declined to exercise supplemental jurisdiction over her state-law claims. (*Id.* at 11–12.)

Keen now asks the court to reconsider its ruling dismissing the case, and she also argues that the undersigned should recuse. The court addresses recusal first.

## II. DISCUSSION

**A. Motion to Recuse**

Keen's motion to recuse cites to both 28 U.S.C. § 144 and 28 U.S.C. § 455. Notably, the court recently addressed at length a request for recusal from Keen in another of her cases. Specifically, after dismissal of this case, Keen filed another lawsuit asserting claims based on the same general factual circumstances but omitting her brother (the non-diverse defendant) as a defendant. *See Keen v. Keen*, No. 6:25-cv-106 (W.D. Va.) ("the Lynchburg Case").[1] That case

---

[1] The case was the second Keen filed in Lynchburg. The first she filed and then voluntarily dismissed. *See generally Keen v. Keen*, 6:25-cv-101 (W.D. Va.).

also was assigned to the undersigned, and Keen sought recusal in that case, as well. Her motion to recuse in the Lynchburg Case did not include any specific reasons for recusal. But the court considered the arguments she made in the case at bar and another of her cases and treated them as the grounds for her recusal in the Lynchburg Case. The court's analysis denying Keen's recusal request in that case is equally applicable here:

> Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The proper inquiry is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holding Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (citing *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Similarly, 28 U.S.C. § 455(b) provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). And 28 U.S.C. § 144 requires recusal only where there is a "personal bias or prejudice either against" a party or "in favor of any adverse party."
>
> The court has not yet ruled on the recusal motions in Keen's other cases, but the court has reviewed them and finds no basis for recusal in them or in this case. In short, all of Keen's allegations of impartiality are based on the court's rulings in her cases. But recusal based on an alleged bias requires an extra-judicial bias, under either subsection of § 455 and under § 144. 28 U.S.C. § 144 (referring to "personal bias"); *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (noting that "§ 455(b)(1) carries an 'extrajudicial source limitation' . . . under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge" (quoting *Liteky v. United States*, 510 U.S. 545 (1994))); *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993) (reasoning that, absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety"); *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) ("The nature of the judge's bias must be personal and not judicial."). Indeed, the Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Without more, such rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

> Because Keen has not based her allegations of bias on anything outside of the court's rulings, and because the court is, in fact, impartial, recusal is neither required nor appropriate.

*Keen v. Keen*, No. 6:25-cv-106 (W.D. Va. Feb. 9, 2026), Dkt. No. 26, at 3–4 (internal footnote omitted).

For the same reasons set forth in the foregoing excerpt from the Lynchburg Case, Keen's motion to recuse in this case (Dkt. No. 34) will be denied.

**B.  Motion to Reconsider**

Keen's other pending motion is titled as a "motion for reconsideration" and "request to be heard." (Dkt. No. 35.) In that motion, she asks the court to reconsider its prior dismissal and "transfer of the matter to the Lynchburg Division for proper and Honorable adjudication." (*Id.* at 1.) She makes the general assertion that the case was dismissed "without full review, without permitting amendment, and without an opportunity to be heard." (*Id.*) She does not make any challenge based on the substance of the court's rulings, however, nor explain why any of its rulings were incorrect. Because she has not provided any basis for reconsideration, her motion to reconsider (Dkt. No. 35) will be denied.

The court notes, however, that the Lynchburg Case remains pending and it includes nearly all of the same defendants (except her brother) and raises similar claims (but also additional ones). *Keen v. Keen*, No. 6:25cv106 (W.D. Va.) She filed it after this case was dismissed. That case is currently pending, and the court has directed that the defendants be notified of the lawsuit first via waivers of service and then, if necessary, via service by the U.S. Marshal. Accordingly, Keen effectively has accomplished what she sought in her motion—that her claims, or at least closely related claims, be heard in Lynchburg.

4

III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Keen's motion to recuse (Dkt. No. 34) and motion for reconsideration (Dkt. No. 35) are DENIED.

Because Keen does not receive CM/ECF notifications, the Clerk is DIRECTED to mail her a copy of this memorandum opinion and order.

Entered: February 24, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge